UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>SMITH-EMERY COMPANY, a California corporation,<br><br>        Defendant - Appellee. | No. 13-56708<br><br>D.C. No. 2:09-cv-01476-CAS-VBK<br>Central District of California,<br>Los Angeles<br><br><br>ORDER |
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>        Plaintiffs - Appellees,<br><br>  v. | No. 13-56830<br><br>D .C. No. 2:09-cv-01476-CAS-VBK<br>Central District of California,<br>Los Angeles |

SMITH-EMERY COMPANY, a
California corporation,

Defendant - Appellant.

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[*] District Judge.

The memorandum disposition filed December 16, 2015 is hereby amended. With the filing of the Amended Memorandum Disposition, the panel has voted to deny Defendant, Appellee and Cross-Appellant's petition for rehearing. No further petitions for rehearing or rehearing en banc may be filed.

---

[*]    The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, | No. 13-56708<br><br>D.C. No. 2:09-cv-01476-CAS-VBK |
| Plaintiffs - Appellants, | |
| v. | AMENDED MEMORANDUM[*] |
| SMITH-EMERY COMPANY, a California corporation, | |
| Defendant - Appellee. | |

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING | No. 13-56830<br><br>D.C. No. 2:09-cv-01476-CAS-VBK |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ENGINEERS TRAINING TRUST,

                Plaintiffs - Appellees,

v.

SMITH-EMERY COMPANY, a
California corporation,

                Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 4, 2015
UC Los Angeles

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[**] District Judge.

This appeal concerns a longstanding dispute over whether or not a collective bargaining agreement ("CBA") covered post-installed anchor bolt testing and inspection work. Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively "Trustees") appeal the district court's

---

[**]    The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

2

judgment for Smith-Emery Company ("SEC") following a bench trial on whether the questioned work was covered.

Trustees contend in this appeal that SEC should have been precluded from litigating the issue of post-installed anchor bolt work because the issue had previously been decided against SEC by an arbitrator. The arbitrator held that "bolt testing inspection work" was bargaining unit work.

The district court noted that the arbitration award itself did not expressly differentiate between pre- and post-installed anchor work, so the court concluded the award was ambiguous as to the proper scope of the CBA. The district court, therefore, ruled that the arbitrator did not decide the issue of post-installed anchor bolt testing and inspection. On the basis of the trial testimony, the district court determined that pre- and post-installed anchor work should be considered separately for purposes of the CBA.

The record before us indicates, however, that at the time of arbitration, the only matter in dispute was post-installed work. The parties apparently never disputed that pre-installed anchor bolt inspection was part of the CBA. The president of SEC described the anchor bolt work as testing bolts "installed after concrete is poured." We therefore conclude that the arbitrator decided that post-

3

installed work was covered work when he found Appendix B to be a part of the CBA.

At oral argument, SEC attempted to distinguish anchor bolt testing from anchor bolt inspection, and to argue that the arbitrator's finding that the CBA covered "bolt testing inspection" included only inspection work and not testing. Because this argument was not included in SEC's briefs to this court, we consider it waived. Even if it were not waived, however, the argument would fail. SEC appears not to have raised such a distinction in the arbitration proceedings. Indeed, SEC used the words "bolt testing" and "bolt testing inspection" interchangeably in its arbitration brief, which suggests that, to the extent post-installed testing work and post-installed inspection work could be considered distinct from the standpoint of CBA coverage, both were at issue in arbitration. And we read the arbitrator's decision as considering bolt testing and inspection together when it concluded that they were covered work.

Because the arbitrator decided that post-installed testing and inspection were covered work, the district court should have considered this issue to have been previously decided and should have given preclusive effect to the arbitration proceeding.

4

SEC has cross-appealed, seeking an award of attorneys' fees for itself and a reduction of fees awarded to Trustees. In light of our decision, SEC is not entitled to fees. Trustees may be entitled to a larger award because the district court awarded fees based on the ratio of Trustees' successful claims to unsuccessful.

Accordingly, the district court's judgment is **REVERSED**, and the matter **REMANDED** for further proceedings.